UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO-OWNERS INSURANCE CO.,

                         Plaintiff,                No. 2:14-cv-13046-GER-DRG

vs.                                      Hon. Gerald E. Rosen

ERGONOMICS PLUS, INC., and
HUMANTECH, INC.,

                         Defendants.

_____/

OPINION AND ORDER DISMISSING CASE
FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on December 05, 2014

PRESENT:   Honorable Gerald E. Rosen
                      United States District Judge

## I.      INTRODUCTION

This declaratory judgment action is presently before the Court on the Court's September 12, 2014 Order to Show Cause directing Plaintiff Auto-Owners Insurance Company to show cause in writing why this case should not be dismissed for lack of federal subject matter jurisdiction. Plaintiff timely responded to the Court's Order. Having reviewed the Plaintiff's response brief and the entire record of this matter, the Court finds that the pertinent facts and legal contentions are sufficiently presented in these materials, and that oral argument would not significantly assist in the resolution of

this matter. Accordingly, the Court will decide this matter "on the briefs." *See* Eastern District of Michigan Local Rule 7.1(f)(2). This Opinion and Order sets forth the Court's ruling.

## II.     PERTINENT FACTS

On August 6, 2014, Plaintiff Auto-Owners Insurance Company filed the instant declaratory judgment action against its insured, Ergonomics Plus, Inc. ("Ergonomics"), and Humantech, Inc. seeking a declaration that it owes no duty to defend or indemnify Ergonomics in another civil action that is currently pending in this court, *Humantech, Inc. v. Ergonomics Plus, Inc*., No. 14-12141. The *Humantech* action arises out of Ergonomics' alleged infringement of Humantech's copyrighted materials and its subsequent electronic distribution of those copyrighted works.

According to the complaint in the *Humantech* action, Humantech owns copyrights for manuals, guidelines and other works relating to ergonomic risk assessment and workplace improvement.   Among the works copyrighted by Humantech are certain "lifting calculators" that Humantech created to calculate guidelines for manual material handling tasks based upon a  lifting equation which was created by the National Institute of Occupational Safety and Health ("NIOSH").  These calculators use an interactive form to be filled out by a user through Microsoft Excel Workbooks.  The calculators are distributed to authorized users through Humantech's website and other media but are password protected to prevent access by users to the equations embedded in the calculators and to prevent alteration to the workbooks.  The calculators are distributed to

customers for use in performing workplace ergonomic assessments, but even paying customers do not have access to the specific equations embedded in the calculators.

Defendant Ergonomics, an Indiana corporation, also specializes in the field of ergonomics. Ergonomics offers a "NIOSH Composite Lifting Calculator" for free download on its website, in the form of a Microsoft Excel Workbook. According to Humantech, the Ergonomics calculator is substantially similar to Humantech's and it incorporates large amounts of content and data from Humantech's calculators and utilizes the same proprietary equations that are contained in the Humantech calculator. Humantech contends that Ergonomics obtained a Humantech calculator through the State of Michigan website or through some other means,[1] circumvented Humantech's password protections, removed Humantech's name and copyright management information from the calculator and copied and distributed the calculator as its own.

Therefore, Humantech brought suit against Ergonomics based on its unlawful copying of Humantech's copyrighted work, as well as based on Ergonomics' failure to provide attribution for the copied works, its removal of copyright notices from Humantech's works, and other associated actions that are contrary to Humantech's rights in its proprietary works, specifically alleging violations of the Copyright Act, 17 U.S.C. §101 *et seq.*, the Digital Millennium Copyright Act, 17 U.S.C. §1201, *et seq.*, and Michigan trade secrets law.

---

[1] A version of its calculator was at some point in time available as a free download from the State of Michigan, Department of Labor and Economic Growth's website, although Humantech states that it did not authorize the posting of the calculator on the Michigan website.

Upon being served with the *Humantech* complaint, Ergonomics tendered the defense of the action to its insurer, Auto-Owners, requesting indemnification under a Tailored Protection Policy that included commercial general liability coverage. *See* Complaint for Declaratory Relief, ¶ 9.

The general liability provisions of the policy provide coverage for damages that an insured is legally obligated to pay because of a "personal injury" or an "advertising injury" to which the insurance applies, subject to the terms and conditions of the policy. *Id.* ¶10. There is, however, no duty to indemnify or defend an insured for any damages that are not covered by the policy.  In this regard, the policy excludes from coverage:  any advertising injury that is caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict personal or advertising injury, including injury "arising out of the infringement of a copyright, patent, trademark, trade secret, or other intellectual property." *Id.* ¶ 11; s*ee also* Commercial General Liability Policy, Doc. #1-3, Pg ID 79.

 Auto-Owners claims that the alleged conduct of Ergonomics is excluded from coverage as it falls within the scope of the exclusions found in the insurance contract. Therefore, Auto-Owners instituted this declaratory judgment action.

In its Complaint for Declaratory Relief, Auto-Owners alleges federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 or, in the alternative, supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the basis of this Court's subject matter jurisdiction. Specifically, Plaintiff alleges jurisdiction pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Digital Millennium Copyright Act ["DMCA"], 17 U.S.C. §

1201, *et seq.*, based upon the copyright infringement claims alleged in the underlying case.

## III.    DISCUSSION

### A. FEDERAL QUESTION JURISDICTION

The most fundamental question presented in every civil action brought in federal court must be whether there is subject matter jurisdiction. *Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir.2008); *Caudill v. North American Media Corp.*, 200 F.3d 914, 916 (6th Cir.2000). The Court has an independent obligation to strictly police the boundaries of its subject matter jurisdiction to ensure that jurisdiction exists, regardless of the assessment of the parties. *Valinski v. Detroit Edison*, 197 Fed.Appx. 403, 405 (6th Cir.2006); *Olden v. Lafarge Corp.*, 383 F.3d 495, 498 (6th Cir.2004); *Douglas v. E.G. Baldwin & Associates, Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Fed.R.Civ.P. 12(h)(3) provides: "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

Federal courts are courts of limited jurisdiction and may exercise only those powers authorized by the United States Constitution and federal statutes enacted by Congress. It is presumed that a cause of action lies outside this limited jurisdiction, and Plaintiff bears the burden of overcoming the presumption and demonstrating that this Court has subject matter jurisdiction over the claims. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994); *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir.2001); *Douglas*, 150 F.3d at 606.

Auto-Owners filed the instant action in this Court alleging federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) as the basis for this Court's jurisdiction. *See* Complaint for Declaratory Relief, ¶ 2.  Specifically, Auto-Owners contends that the Court has jurisdiction over this action because it "involves a determination as to the rights and obligations of the parties with respect to the remedies under [the Copyright Act and/or the DMCA] as alleged in the underlying action." *Id.*

Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over civil actions "arising under" the Constitution, laws, or treaties of the United States. *Id.* Similarly, §1338(a) provides that "[t]he district courts shall have original jurisdiction of any civil action 'arising under' any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a) (internal quotation marks added).  The phrase "arising under" is interpreted identically in the § 1331 federal question jurisdiction context and the § 1338 patent/copyright jurisdiction context, and the the two statutes' precedents are applied interchangeably. *Gunn v. Minton,* ___ U.S. ___, 133 S.Ct. 1059, 1064 (2013); *USPPS Ltd. v. Forrester Environmental Serv., Inc. v. Wheelabrator Technologies, Inc.*, 715 F.3d 1329, 1333 n.2 (Fed. Cir. 2013).[2]

For statutory purposes, a case can "arise under" federal law in two ways.  "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn*, 133 S.Ct. at 1064.  Although Humantech's underlying suit against

---

[2]  However, for cases falling within the patent/copyright-specific arising under jurisdiction of § 1338(a), Congress not only provided for federal jurisdiction, but also eliminated state jurisdiction. ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." 28 U.S.C. § 1338(a).).

Ergonomics arose under federal law in this manner because it was authorized by 17 U.S.C. § 501, it is indisputable that the instant declaratory judgment action finds its origins in state contract law, rather than federal law.  Merely because a federal law is implicated in a state law action "does not automatically confer federal-question jurisdiction."  *Merrell Dow Pharm., Inc. v. Thompson*¸ 478 U.S. 804, 813, 106 S.Ct. 3229 (2001).

However, there is "a special and small category" of state law cases in which federal question jurisdiction may lie.  *Gunn*, 133 S.Ct. at 1064 (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*¸ 547 U.S. 677, 699, 126 S.Ct. 2121 (2006)):

> Federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  Where all four of these requirements are met, we have held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

133 S.Ct. at 1065 (citing *Grable & Sons Metal Prod., Inc. v. Darue Engineerintg & Mfg*, 545 U.S. 308, 313-314, 125 S.Ct. 2363 (2005)).

*Gunn* involved a state court legal malpractice case brought by Vernon Minton, predicated upon alleged attorney error in an underling federal patent suit. Specifically, Minton claimed that his attorneys in the patent suit committed malpractice by failing to timely raise an exception to the on-sale bar in the earlier federal district court litigation that led to his patent being held invalid.  After the state trial court granted summary judgment in favor of the attorneys, Minton appealed.  On appeal, Minton argued that

because federal district courts have exclusive jurisdiction over cases "arising under an Act of Congress relating to patents," the state trial court lacked jurisdiction, and he should, therefore, be able to start over with his malpractice suit in federal court. The state court of appeals rejected Minton's argument but the Supreme Court of Texas reversed.

Applying the *Grable* test, a unanimous United States Supreme Court determined that Minton's legal malpractice claim did not arise under federal patent law.

The Court first acknowledged in *Gunn* that resolution of a federal patent question was "necessary" to Minton's case because under Texas law, in malpractice cases in which the attorney's alleged error came in failing to make a particular argument, the causation element requires a "case within a case" analysis of whether, had the argument been made, the outcome of the underlying litigation would have been different. *Gunn*, 133 S.Ct. at 1065. The Court also acknowledged that the federal issue was "actually disputed." *Id.*

However, the Court determined that the federal issue in the malpractice case was not "substantial," in the relevant sense. *Id.* at 1066:

> It is not enough that the federal issue be significant to the particular parties in the immediate suit; that will *always* be true when the state claim "necessarily raise[s] a disputed federal issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole.
>
>                                       ***
>
> Here the federal issue carries no such significance.

*Id.*

The *Gunn* Court further found that not allowing state courts to resolve the matter would not undermine "the development of a uniform body of [patent] law," because "Congress ensured such uniformity by vesting exclusive jurisdiction over actual patent cases in the federal district court and exclusive appellate jurisdiction in the Federal Circuit." *Id.* at 1067.

Although *Gunn* involved a patent claim, it is no less applicable in this action where "arising under" jurisdiction is predicated on a copyright claim. While federal courts have jurisdiction over all cases arising under the patent and copyright laws, *Gunn* makes clear that the same is not true of all questions in which a patent or copyright may be the subject matter of the controversy. Plaintiff has the responsibility to show that its Complaint "arises under" federal copyright law, and is not merely couched in terms of a federal question in order to ostensibly confer jurisdiction. Plaintiff Auto-Owners has failed to make the required showing.

A straightforward application of the *Grable/Gunn* test here demonstrates that Auto-Owners' declaratory judgment action does not arise under federal copyright law. First, no resolution of a federal copyright question is necessary in the instant action. The Court need do nothing more than look to the face of the complaint in the *Humantech* action to see that a copyright infringement claim is asserted and that Humantech claims to have been injured by the copyright infringement. Indeed, unlike the case-within-a-case analysis required for a malpractice claim, no "resolution" of the copyright claim is necessary to determine whether that the asserted claim is covered by an exclusion from

9

policy coverage.  Moreover, that a copyright infringement claim is being asserted in the underlying suit is not disputed.

Further, as in *Gunn*, while the copyright issue may be significant to the particular parties in the immediate suit, this is insufficient to satisfy the substantiality inquiry under the *Grable/Gunn* test which looks instead to the importance of the issue to the federal system as a whole.  And, just as the *Gunn* Court found with respect to the patent issue in that malpractice case, not allowing state courts to resolve the instant declaratory judgment matter would not undermine "the development of a uniform body of [copyright] law," even if resolution of the underlying copyright claim is necessary because "Congress ensured such uniformity by vesting exclusive jurisdiction over actual [copyright] cases in the federal district court and … appellate jurisdiction in the [f]ederal [c]ircuit[s]," and "state courts can be expected to hew closely to the pertinent federal precedents."  *Gunn* at 1067.

Moreover, even if the Court were to determine that application of *Gunn* should be limited to cases presenting underlying patent claims, the Court would reach the same conclusion by application of pre-*Gunn* jurisprudence squarely addressing "arising under" jurisdiction in the copyright context.

Under pre-*Gunn* jurisprudence, federal courts developed a framework for dealing with questions of "arising under" jurisdiction presented in the copyright context which is even more stringent than the *Grable* test followed by the Court in *Gunn*.  In *T.B. Harms Co. v. Eliscu*, 339 F2d 823 (2d Cir. 1964), the Second Circuit elucidated the following framework of analysis:

> [A]n action "arises under" the Copyright Act *if and only if* the complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement or for the statutory royalties for record reproduction, or asserts a claim requiring construction of the Act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

339 F2d at 828 (emphasis added); s*ee also Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F3d 839, 844 (D.C. Cir. 2002); *Royal v. Leading Edge Prods., Inc.*, 833 F.2d 1, 2 (1st Cir.1987); *Gibralter P.R., Inc. v. Otoki Group, Inc.*, 104 F.3d 616, 619 (4th Cir. 1997) (applying *T.B. Harms* in trademark context)

This declaratory judgment case does not fall under a remedy expressly granted by the Copyright Act, nor does it assert a claim requiring construction of the Act.  Plaintiff's claim rests upon the phrasing of an insurance contract and is governed by Michigan law. There is no distinctive policy of the Copyright Act or the DMCA requiring that federal principles control here.  Simply relying on a generalized statement that a "determination" of rights and responsibilities is required with respect to the remedies of "one or more these acts" does not establish that this declaratory judgment action "arises under" federal law.

B,  SUPPLEMENTAL JURISDICTION

In the alternative, Auto-Owners claims that the supplemental jurisdiction statute, 28 U.S.C. § 1367, provides this Court with original federal jurisdiction. Plaintiff is mistaken. "The supplemental jurisdiction statute is not a source of original subject matter jurisdiction." *Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996).

"By its terms, § 1367 contemplates supplemental jurisdiction arising only from

claims *within a single action*." *Sebring Homes v. T.R. Arnold & Assoc.*, 927 F. Supp.

1098, 1101 (S.D. Ind. 1995) (citation omitted; emphasis added). "[I]n a subsequent

lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks

the threshold jurisdictional power that exists when ancillary claims are asserted in the

same proceeding as the claims conferring federal jurisdiction." *Peacock v. Thomas*, 516

U.S. 349, 355 (1996). Thus a plaintiff "may not base subject matter jurisdiction on the

supplemental jurisdiction statute, even if the action . . . is related to another action over

which the federal district court already has subject matter jurisdiction." *Ahearn*, 100 F.3d

at 452. *See also Hudson v. Coleman*, 347 F.3d 138, 143 (6th Cir. 2003) (no basis for

district court to exercise ancillary jurisdiction over plaintiff's state law indemnity claim in

second lawsuit); *cf. Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir.

1998) (underlying § 1983 civil rights claim in earlier suit provided no basis for federal

court jurisdiction of subsequently filed insurance declaratory judgment action). As such,

Humantech's claims in the earlier filed copyright infringement action does not provide an

basis for federal question jurisdiction in this separately-filed declaratory judgment action.

C. DECLARATORY JUDGMENT JURISDICTION

    In response to the Order to Show Cause, Auto-Owners asserts that this Court has

jurisdiction over this pendant action pursuant to the Declaratory Judgment Act, 28 U.S.C.

§ 2201(a). The Declaratory Judgment Act bestows upon federal courts the authority to

exercise discretionary jurisdiction over declaratory judgment actions. The Act provides,

in relevant part,

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration. . . .

28 U.S.C. § 2201(a).

However, this statute does not itself confer subject matter jurisdiction upon the federal courts; for any suit brought under the Act there must be some independent source of federal jurisdiction, such as the existence of diversity of citizenship or the specific presentation of a federal question. *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667 (1950). But § 2201 does not independently establish federal subject matter jurisdiction. *See Skelly Oil*, 339 U.S. at 671 (1950) (holding that by enacting the Declaratory Judgment Act "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction"). A federal court "must have jurisdiction already under some other federal statute" before a plaintiff can "invok[e] the Act." *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007) (quotation marks omitted). A court must examine carefully any action for declaratory judgment in order to ensure that the underlying required jurisdiction exists. The actual controversy between the parties must remain the focal point for determining jurisdiction and in this case, that controversy is one involving state contract law. The "mere fact" that a federal question may be "lurking in the background" of plaintiffs' complaint is not sufficient to confer federal question jurisdiction. *Michigan Sav. & Loan League v. Francis*, 490 F. Supp. 892, 896 (E.D. Mich. 1980) aff'd, 683 F.2d 957 (6th Cir. 1982).  Thus, Plaintiff's appeal to the Declaratory Judgment Act fails. It is the Plaintiff's burden to show that this court has the threshold original subject matter

jurisdiction, and Plaintiff has not met this burden.   Therefore, this case must be dismissed.

<u>CONCLUSION</u>

For all of the reasons set forth above in this Opinion and Order,

IT IS HEREBY ORDERED that this case be, and hereby is, DISMISSED for lack of federal subject matter jurisdiction.

Dated:  December 5, 2014                        s/Gerald E. Rosen_____
                                                Chief, Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2014, by electronic and/or ordinary mail.

                                                s/Julie Owens_____
                                                Case Manager, (313) 234-5135